UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIGEN PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>COLGATE-PALMOLIVE COMPANY,<br><br>Defendant.. | No. C07-883MJP<br><br>ORDER ON PLAINTIFF'S MOTION TO REMAND |

Plaintiff has filed an "Opposition to Defendant's Notice of Removal." (Dkt. No. 11.) After reviewing this filing, the Court notified the parties that it construed the filing as a motion to remand this case to state court. (Dkt. No. 12.) Having considered the materials submitted in support of and in opposition to this motion and the balance of the record, the Court GRANTS Plaintiff's motion. This case is remanded to King County Superior Court for lack of subject matter jurisdiction. The reasons for the Court's order are stated below.

**Background**

On May 8, 2007, Plaintiff Unigen Pharmaceuticals, Inc. ("Unigen") filed this action in King County Superior Court against Defendant Colgate-Palmolive Company ("Colgate"). Both companies are Delaware corporations. Unigen has its principal place of business in Washington, while Colgate is based in New York.

ORDER - 1

Briefly stated, Unigen's complaint alleges that it develops, manufactures, and sells therapeutic compounds, including a formulation called "Univestin." The complaint alleges that Unigen invented a new use for Univestin, namely to use the product in an oral formulation to promote gum and oral health. (Complaint ¶ 6.) According to the complaint, Unigen contacted Defendant Colgate, a leading manufacturer of oral care products, in January 2004 to discuss a possible business collaboration to commercialize the invention. On March 15, 2004, the parties entered into a mutual non-disclosure agreement (NDA) which enabled Colgate to use Unigen's confidential and proprietary information for limited purposes. The NDA prohibited the parties from publishing or disclosing to any third parties any of the confidential information without the prior consent of the other party. On May 24, 2004, the parties also entered into a materials transfer agreement (MTA), which provided that Unigen's biological or chemical materials to be transferred to Colgate were to be considered confidential and proprietary, were to be used only for noncommercial research and evaluation purposes, and were to be retained in confidence and not disclosed without Unigen's prior written consent. Both the NDA and MTA contained Colorado choice of law provisions.

The complaint alleges that based on Unigen's "Confidential Information," Colgate filed a provisional patent application on December 22, 2004, directed towards the use of Univestin in an oral care composition.[1] The provisional patent application named only Colgate employees as inventors. On December 12, 2005, Colgate filed a utility patent application ("Utility Application") claiming priority to the provisional application. Unigen alleges that the Utility Application discloses a significant portion of Unigen's Confidential Information. Unigen also alleges that Colgate filed a patent application to the World Intellectual Property Organization (WIPO). The complaint claims that Colgate misappropriated and used Unigen's Confidential Information to file all three applications.

Unigen's complaint raises three claims:

---

[1] The complaint contains a non-exhaustive listing of materials that Unigen regards as its "Confidential Information." See Complaint ¶ 11.

ORDER - 2

(1) A claim for breach of contract under Colorado law, which alleges that "Colgate, in breach of the NDA and MTA, misappropriated, used, and disclosed Unigen's Confidential Information without the consent of Unigen."

(2) A Washington state-law claim for misappropriation of trade secrets, based on allegations that Colgate misappropriated Unigen's trade secrets without the consent of Unigen.

(3) A common law claim for unjust enrichment, which alleges that "Colgate's use of the Confidential Information and trade secrets, without payment to Unigen, constitutes unjust enrichment."

Unigen's complaint seeks injunctive relief, including but not limited to a request for an order requiring Colgate to "assign to Unigen its patent Applications, or in the alternative abandon its patent Applications, where ever filed that are directed towards the use of Univestin in an oral care composition, an invention conceived by Unigen and which was developed using Unigen's Confidential Information and trade secrets." (Complaint at 8.) Unigen also seeks monetary damages.

On June 8, 2007, Colgate removed this action to federal court. In its notice of removal, Colgate asserts that the Court has original jurisdiction over this action under 28 U.S.C. § 1331, the general federal question jurisdiction statute, and 28 U.S.C. § 1338, which provides district courts with jurisdiction over civil actions arising under the Patent Act. Although Plaintiff's complaint does expressly assert any federal claims, Colgate contends that Plaintiff's complaint nonetheless involves a substantial question of federal patent law because it requires the resolution of questions regarding inventorship and seeks an order requiring Colgate to assign or abandon its patent applications.

On July 16, 2007, Unigen filed an "Opposition to Defendants' Notice of Removal." Unigen argues that federal patent law is not necessary to resolution of any of its claims and that this Court lacks subject matter jurisdiction over this action. After reviewing Unigen's filing, the Court issued a

ORDER - 3

1  minute order indicating that it construed this filing as a motion to remand this case to state court. This
2  matter is now fully briefed and ripe for the Court's review.

**Analysis**

In its notice of removal, Colgate cited 28 U.S.C. § 1338 as a basis for removal. This statute provides district courts with "original jurisdiction of any civil action arising under any Act of Congress relating to patents."[2] The Supreme Court has held that jurisdiction under Section 1338(a) extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-09 (1988). "[A] claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." Id. at 810.

As Colgate notes, Unigen's complaint includes allegations regarding inventorship. However, Unigen argues that 1338(a) jurisdiction is not proper in this case because it may prove its three state-law claims without establishing that it invented the subject matter claimed in Colgate's patent applications. The Court agrees with Unigen on this point. Unigen's complaint alleges state-law claims for breach of contract, misappropriation of trade secrets, and unjust enrichment. Unigen may prevail on each of these claims by proving that Colgate improperly used or disclosed Unigen's confidential or proprietary information, regardless of whether Unigen is actually the inventor of the subject matter claimed in Colgate's patent applications. Although Unigen's complaint includes allegations regarding inventorship, the Federal Circuit has noted that "the presence of a possible question of inventorship

---

[2] Colgate also cited 28 U.S.C. § 1331, the general federal question statute, as a basis for removal. However, as Unigen suggests, determination of jurisdiction under Section 1338(a) is dispositive of the jurisdictional issues that Colgate has raised.

ORDER - 4

1  does not convert the state law action into one arising under the patent laws." Board of Regents v.
2  Nippon Telephone & Telegraph Corp., 414 F.3d 1358, 1365 (Fed. Cir. 2005).

3      As Unigen suggests, the facts presented here are analogous to those in Thompson v. Microsoft
4  Corp., 471 F.3d 1288 (Fed. Cir. 2006), and Uroplasty, Inc. v. Advanced Uroscience, Inc., 239 F.3d
5  1277 (Fed. Cir. 2001). In Thompson, the court held that Section 1338(a) jurisdiction did not lie in a
6  case where the plaintiff could prove an unjust enrichment claim based on his allegations that the
7  defendant improperly used the plaintiff's proprietary information. Id. at 1291-92. Although the
8  complaint alleged that the defendant had filed a patent application for intellectual property that the
9  plaintiff invented, the court noted that "such a fact – even if true – is not a necessary element of
10 Thompson's claim." Id. at 1291.

11     The complaint in Uroplasty included state-law claims for breach of contract and
12 misappropriation of trade secrets, based on allegations that the defendant used and divulged the
13 plaintiff's trade secrets in preparing and filing a patent application. The court found that defendant's
14 removal of the complaint under Section 1338(a) was improper, noting that the patent "may be
15 evidence in support of [plaintiff's] allegations, but the mere presence of the patent does not create a
16 substantial issue of patent law." Uroplasty, 239 F.3d at 1280. The court noted that plaintiff's "claims
17 for trade secret misappropriation require it to show that [Defendant] disclosed or used its trade secrets
18 or confidential information, a burden that can be met without requiring the resolution of a substantial
19 issue of patent law." Id. The court also noted that "[b]ecause proving the same alleged acts also
20 could support the breach of contract . . . claim[] without resolving a substantial patent issue, patent
21 law is not essential to any of the claims of the well-pleaded complaint." Id.

22     To be sure, Unigen's complaint also requests an order directing Colgate to either assign its
23 patent applications to Unigen or to abandon the applications. In its notice of removal, Colgate
24 suggested that these requests for relief "necessarily involves a claim for correction of inventorship."
25 (Dkt. No. 1 at 4.) Colgate asserted that "such claim is exclusively created by 35 U.S.C. § 256 and/or

ORDER - 5

§ 116" and means that "Plaintiff's Complaint arises out of a federal statute that 'preempts any state law that purports to define rights based on inventorship.'" Id. (citing Univ. of Colorado Foundation, Inc. v. Am. Cyanamid Co., 196 F.3d 1366, 1372 (Fed. Cir. 1999)).

As Plaintiff notes, Colgate's suggestion that Unigen's request for relief arises out of "35 U.S.C. § 256 and/or 116" is not well-taken. Section 256 only authorizes the correction of inventorship of an issued patent. Here, Colgate's patent application has not been approved, making Section 256 inapplicable. And while Section 116 applies to the correction of patent application, such determinations may only be made by the Patent and Trademark Office, not by a court. As a result, Colgate has no basis to suggest that Unigen's complaint should be construed as seeking relief under either provision of the Patent Act. Unigen asserts that its request for an order directing Colgate to either assign its patent applications to Unigen or to abandon the applications is a request for equitable relief for the alleged breach of contract, misappropriation of trade secrets, and unjust enrichment claims. Whether this is a viable request for general equitable relief is a question for the state court to decide.

**Conclusion**

Because Plaintiff's well-pleaded complaint does not establish that federal patent law creates any claims asserted or that Unigen's right to relief necessarily depends on resolution of a substantial question of federal patent law, the Court finds that removal under 28 U.S.C. § 1338 or 28 U.S.C. § 1331 is not proper. Because the Court lacks subject matter jurisdiction over this matter, the Court REMANDS this case to King County Superior Court pursuant to 28 U.S.C. § 1447(c). Each side will bear its own fees and costs in connection with this motion.

The clerk is directed to send copies of this order to all counsel of record.

Dated: September 7, 2007

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 6